UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MSP RECOVERY CLAIMS,
SERIES LLC, MSPA CLAIMS 1,
LLC, and MSP RECOVERY
CLAIMS SERIES 44, LLC,

                Plaintiffs,

      vs.

AUTO CLUB INSURANCE
ASSOCIATION and AUTO CLUB
GROUP INSURANCE COMPANY,

                Defendants.
_____/

Case No.  21-11606
HON.  GEORGE CARAM STEEH

OPINION AND ORDER DENYING DEFENDANTS'
MOTION TO DISMISS AMENDED COMPLAINT AND
TO STRIKE CLASS ALLEGATIONS (ECF No. 14)

       This case is brought under the Medicare Secondary Payer provisions

of the Social Security Act (the "MSP Act"), 42 U.S.C. § 1395y. Plaintiffs,

MSP Recovery Claims Series, LLC; MSPA Claims 1, LLC; and MSP

Recovery Claims Series 44, LLC (collectively "Plaintiffs"), assert claims on

behalf of themselves and a class of similarly situated persons against

defendants Auto Club Insurance Association and Auto Club Group

Insurance Company (collectively "Defendants"). Plaintiffs seek

reimbursement from Defendants under the MSP Act for conditional payments for medical expenses resulting from injuries sustained in automobile and other accidents that were paid by Medicare Advantage Plans ("MA Plans").

Plaintiffs initiated this case on December 1, 2020 in the United States District Court for the Southern District of Florida, asserting claims against five Defendant insurance companies. In response to Defendants' motion to dismiss, Plaintiffs filed an Amended Complaint on June 9, 2021. Plaintiffs then agreed to an order severing the counts asserted against Michigan-based Defendants, Auto Club Insurance Association and Auto Club Group Insurance Company and transferring those counts to this Court.

The matter is before the Court on Defendants' second motion to dismiss Plaintiffs' Amended Complaint and to strike class allegations (ECF No. 14). Upon a careful review of the written submissions, the Court deems it appropriate to render its decision without a hearing pursuant to Local Rule 7.1(f)(2). For the reasons set forth below, Defendants' motion to dismiss and to strike class allegations is DENIED. Plaintiffs shall file a Second Amended Complaint that includes only allegations and claims related to the Defendants named in this removed action.

## BACKGROUND

Plaintiffs' claims arise from their alleged rights as assignees of Medicare Advantage Organizations ("MAOs") and other MA Plans to recover from no-fault insurers who are primary payers under the MSP Act. The MSP Act makes Medicare the secondary payer and designates certain private entities, such as automobile or liability insurance plans, as primary payers. The MSP Act provides that where the primary payer "has not made or cannot reasonably be expected to make payment with respect to the item or service promptly," Medicare may make a conditional payment and then recover the paid amount from the primary payer "if it is determined that such primary plan has or had a responsibility to make payment with respect to such item or service." § 1395y(b)(2)(B)(i).

The determination whether a primary plan has or had responsibility to pay for a medical item or service can arise from "a judgment, a payment conditioned upon the recipient's compromise, waiver or release (whether or not there is a determination or admission or liability) of payment for items or services included in a claim against the primary plan or the primary plan's insured or by other means." § 1395y(b)(2)(B)(ii). The MSP Act authorizes Medicare to recover double damages against primary payors who were responsible to pay under a primary plan. The MSP Act also authorizes "a

private right of action for damages (which shall be in an amount double the amount otherwise provided) in the case of a primary plan which fails to provide for primary payment (or appropriate reimbursement)."

§ 1395y(b)(3)(A).

Medicare Part C governs the Medicare Advantage Act, wherein private insurers, operating as MAOs, may provide Medicare benefits to eligible Medicare participants ("Enrollees"). The Centers for Medicare & Medicaid Services ("CMS") subsidizes Medicare Part C health insurance by paying MAOs a fixed fee per Enrollee. Part C includes a secondary payer provision allowing MAOs to recover expenses paid on behalf of an Enrollee from a primary plan. § 1395w-22(a)(4). CMS regulations confer upon an MAO the "same rights to recover from a primary plan, entity, or individual that the Secretary exercises under the MSP regulations in subparts B through D of part 411 of this chapter." 42 C.F.R. §108(f). Therefore, MAOs are authorized to make conditional payments for covered services and then recoup from primary payers when they have paid for services that fall within overlapping insurance maintained by Enrollees. In the event the primary plan fails to reimburse the MAO for benefits it was obligated to provide, the MSP Act establishes a private right of action that permits the MAO to sue for double damages. 42 U.S.C. § 1395y(b)(3)(A).

- 4 -

The Amended Complaint alleges that Defendant auto insurers issued no-fault coverage policies to their insureds, which include Medicare Part C Enrollees. Pursuant to their contractual obligations with their insureds, and under state law, Defendants agreed to provide coverage for their insureds' accident-related medical expenses without regard to fault. In other instances, Defendants are alleged to have provided third-party liability on behalf of their insureds, and sometimes enter settlements on behalf of such insureds, when they were liable for injuries to Enrollees. Under both scenarios, the Amended Complaint alleges that Defendants are considered primary plans under the MSP Act, with a primary obligation to pay for accident-related medical expenses on behalf of Enrollees relative to the MAOs' obligation to pay for those same expenses. As assignees of receivables by MAOs, Plaintiffs seek to reconcile Defendants' alleged failures to honor their primary payer obligations under the MSP Act.

In the Amended Complaint, Plaintiffs plead five exemplar claims involving policies allegedly issued by the Michigan insurance companies which are the Defendants in this case. Plaintiffs allege specific instances in which their assignors paid for the medical services or items of Medicare Part C Enrollees, and that one of the Defendants, as a primary payer, bore the responsibility for the medical expenses but failed either to pay for them

or to reimburse the MA Plan. The exemplar claims identify the injured Medicare Enrollee, the date of the accident, the medical items and services rendered, the insurance policy number, the MA Plan that made payment, the diagnosis codes and injuries, the date services were provided, the amounts billed, the amounts paid, the dates on which the payments were made, and what is known of the primary payer responsibility report made by Defendants to CMS.

The Amended Complaint also includes Exhibit B, which lists 244 instances where Defendants reported to CMS that they were obligated pursuant to an insurance policy to provide primary payment on behalf of an Enrollee. Plaintiffs describe Exhibit B as "a fraction of the potential claims at issue" because Defendants are difficult to identify when they fail to report their primary payer responsibility to CMS, or where they later remove their reporting. Plaintiffs also attach Exhibit C to the Amended Complaint to support the inference of non-reporting by identifying 223 loss instances indicating Defendants held primary payer status but where there is no record of reporting these claims to CMS.

Federal regulations promulgated under the MSP Act place an obligation on primary payers to: (i) identify whether their insureds or claimants are Medicare beneficiaries; (ii) identify whether claimants with

whom they enter settlements are Medicare beneficiaries; and (iii) report their primary payer responsibility to CMS. § 1395y(b)(8). Plaintiffs contend that primary payers often do not honor their identification and reporting obligations, making it difficult for MA Plans, or their assignees, to obtain reimbursement. For this reason, despite engaging in pre-suit investigation, Plaintiffs explain they are not able to definitively allege which Defendant is the responsible primary payer for which claims.

### STANDARD OF REVIEW

Rule 12(b)(6) allows the Court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted.  Under the Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007), the Court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims.  "'[N]aked assertion[s]' devoid of 'further factual enhancement'" are insufficient to "state a claim to relief that is plausible on its face".  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557, 570).  To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do." *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014)

(quoting *Twombly*, 550 U.S. at 555) (other citations omitted).  Even though

the complaint need not contain "detailed" factual allegations, its "factual

allegations must be enough to raise a right to relief above the speculative

level on the assumption that all the allegations in the complaint are true."

*New Albany Tractor, Inc. v. Louisville Tractor, Inc.,* 650 F.3d 1046, 1051

(6th Cir. 2011) (*citing Twombly*, 550 U.S. at 555).

<u>LAW AND ANALYSIS</u>

Defendants argue that Plaintiffs' Amended Complaint must be

dismissed for failure to state a claim because it fails to identify the

Defendant alleged to be the primary payer as to each reimbursement

sought and fails to state facts demonstrating Defendants' responsibility for

primary payment of the expenses Plaintiffs seek to recover. Defendants

further argue that Plaintiffs' class allegations should be stricken because

individual issues predominate.

I.     <u>Failure to State a Claim</u>

To state a claim for reimbursement under § 1395y(b)(3)(A) of the

MSP Act, a plaintiff must allege: "(1) the defendant's status as a primary

payer for a claim covered by Medicare, (2) the defendant's failure to make

the primary payment or appropriate reimbursement to the Medicare benefit

provider, and (3) damages." *MSP Recovery Claims, Series LLC v. Phoenix Ins. Co.*, 426 F. Supp. 3d 458, 484 (N.D. Ohio 2019); *MSPA Claims 1, LLC v. Allstate Ins. Co.*, No. 17-CV-01340, 2019 WL 4305519, at *4 (N.D. Ill. Sept. 11, 2019) (citing *Humana Med. Plan, Inc. v. W. Heritage Ins. Co.*, 832 F.3d 1229, 1239 (11th Cir. 2016)). Defendants' arguments for dismissal for failure to state a claim focus on the first element – their status as a primary payer with responsibility to pay for medical expenses under the MSP Act.

A.    <u>Failure to Identify Defendant</u>

As an initial matter, Defendants argue that Plaintiffs improperly plead the same counts against each of them, rather than distinguishing among the Defendants and tying specific claims to a specific Defendant. Federal Rule of Civil Procedure 8(a)(2) states that a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief. The pleading must give the defendant adequate notice of the claims brought against them.

Plaintiffs respond they made a good faith effort to identify the correct Defendant for each alleged claim. Plaintiffs obtained data reported by Defendants themselves from a third-party vendor. MyAbility is a CMS-authorized vendor that allows companies to access data that primary payers report directly to CMS, in compliance with their statutory reporting

obligations. Plaintiffs maintain that any inaccuracies or lack of specificity in the reporting data is attributable to the way Defendants choose to report. The Defendants' corporate names are very similar, and the names used in the CMS reports are similar but not identical to either name.

While Plaintiffs acknowledge that they are not able to connect a specific representative claim to a specific Defendant, they do narrow it down to one of the two Defendants, based on Defendants' own reporting, and they include other identifying information for each exemplar claim. For example, one exemplar claim relates to "R.S." and provides the following information:

- R.S. was injured in an accident on November 1, 2016, Amended Complaint ¶ 83

- R.S. was insured under no-fault Policy No. 33251613, issued by one of the two Defendants, *id*. at ¶ 84

- R.S. was enrolled in an MA Plan issued and administered by Dean Health Plan, Inc., *id*. at ¶ 85

- The diagnosis codes and injuries regarding R.S.'s accident-related medical treatment rendered on November 1, 2016, *id*. at ¶¶ 86, 87, Exhibit E

- Dean Health was charged $562.00 for R.S.'s accident-related medical expenses and paid $60.33 on December 3, 2016, *id.* at ¶ 88

- Defendants reported to CMS information regarding the accident, the type of insurance policy involved, and admitting its primary payer status and responsibility under the name "AUTO CLUB GROUP MRTS ADMINISTRAT", *id.* at ¶ 90

- Defendants failed to remit or reimburse payments to Dean health as primary payer, giving rise to a claim under the MSP Act, *id.* at ¶ 91

- The R.S. claim falls within the Assigned Claims under the Dean Health Assignment, *id.* at ¶ 92

- Plaintiff Series 44 is entitled to collect double damages against Defendants for failure to reimburse Dean Health's conditional payment for R.S.s accident-related medical expenses, *id.* at ¶ 93.

In an exemplar relating to a settlement claim involving J.H., Plaintiffs allege that Defendants reported responsibility under the name "AUTO CLUB INS COMPANY", and due to Defendants' imprecise reporting, Plaintiffs cannot confirm the insurer for J.H. *Id.* at ¶ 174. As in the previous

example, Plaintiffs allege the date of the accident, the insurance policy

number of the tortfeasor responsible for the accident, the identity of J.H.'s

MA Plan, as well as a list of diagnosis codes, dates medical services were

provided, dates and amounts of bills, and dates and amounts of payments

made by the MA Plan. *Id.* at ¶¶ 167-178. Plaintiffs also alleged that

Defendants admitted its primary payer status related to the J.H.'s accident-

related medical expenses and that they failed to make such payments. *Id*.

at ¶ 175.

Although Plaintiffs acknowledge they are unable to conclusively

identify which Defendant is the primary payer for each claim, they do

provide sufficient allegations to put the Defendants on notice of the grounds

upon which each claim rests. Defendants should be able to determine

whether they issued the policies specifically identified by Plaintiffs, and if

so, whether they were primary payers as to the accident-related medical

expenses also specifically identified by Plaintiffs. It should not be a

substantial burden for Defendants to investigate their own records as to the

five exemplar claims alleged in the Amended Complaint. If either Defendant

determined that it did not issue the underlying policies, an affidavit to that

effect could have been filed to support dismissal.

B.   <u>Failure to Allege Responsibility to Pay</u>

Defendants next contend that Plaintiffs have not sufficiently pled Defendants' "demonstrated responsibility" as a primary payer to pay a claim covered by Medicare. In support of this argument, Defendants cite to language from the MSP Act that recognizes a primary plan's obligation to reimburse Medicare only "if it is demonstrated that such primary plan has or had a responsibility to make payment with respect to such item or service." § 1395y(b)(2)(B)(ii). Defendants contend that merely being covered by a no-fault policy or entering a settlement does not trigger an automatic responsibility to pay under state no-fault law.

Along these lines, Defendants make several arguments why they may not be liable to Plaintiffs under the MSP Act. For example, they point out that under Michigan law, no-fault insurers are not liable if the products or services rendered are not reasonably necessary for the injured person's care, if the amount charged for services is not reasonable, or if the treatment rendered was for a pre-existing condition. M.C.L.A. §§ 500.3105(1), 500.3107(1)(a). Defendants contend that Plaintiffs' Amended Complaint must be dismissed because it does not allege facts supporting these requirements.

Similarly, Defendants cite to another section of Michigan's no-fault law, which requires that reasonable proof of the fact and amount of loss sustained must be submitted to the insurer before payment will become due. M.C.L.A. § 500.3142(2). Defendants contend that Plaintiffs have not alleged that they provided reasonable supporting proof of a claim or the amount of loss for any of the alleged claims or exemplars in the Amended Complaint. Yet another argument raised by Defendants is that many of Plaintiffs' claims are barred by the one-year-back provision of Michigan's no-fault law. That rule provides that where a medical expense is not paid by a no-fault insurance company, a claimant must file a lawsuit against their insurance company within one year from the date the medical service was rendered. M.C.L.A. § 500.3145(1).

To support their position that Plaintiffs' pleading is insufficient, Defendants cite to caselaw holding that an MSP claimant stands in the shoes of the Enrollee, such that the claimant may not recover amounts from a purported "primary plan" in excess of a carrier's responsibility under state law or the relevant contract. *Caldera v. Ins. Co. of the State of Pa.*, 716 F.3d 861, 865 (5th Cir. 2013). While Defendants' premise is correct, it does not require dismissal of the Amended Complaint for failure to state a claim.

The MSP Act dictates the order of payment when Enrollees have alternate sources of payment for health care, and as argued by Defendants, a carrier's responsibility is subject to state law. So too, merely being covered by a no-fault policy or entering a settlement does not trigger an automatic responsibility to pay under state no-fault law. However, the level of specificity at the pleading stage urged by Defendants is not required to withstand dismissal under Rule 12(b)(6). The arguments against responsibility raised by Defendants simply do not undermine the adequacy of Plaintiffs' Amended Complaint.

For purposes of surviving dismissal under Rule 12(b)(6), Plaintiffs need only plead "enough facts to state a claim to relief that is plausible on its face." *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Of course, meeting the pleading threshold is not the same thing as establishing liability. Defendants may assert any valid argument or defense against their ultimate liable. But these are arguments for another motion. At the motion to dismiss stage the Court determines the adequacy of the plaintiff's complaint, which is not undermined by potential defenses.

II.   Class Allegations

Defendants submit that for each claim to which Plaintiffs seek damages in this case, individualized issues predominate, making class

litigation improper. While the Court might ultimately agree with Defendants'
assessment, it will not strike the class allegations before Plaintiffs have the
opportunity to engage in discovery and before class certification has been
requested. *See e.g., MSP Recovery Claims, Series LLC v. United Auto Ins.
Co.*, No. 1:20-cv-20887, 2021 WL 720339, at *7 (S.D. Fla. Feb. 4, 2021).

<u>CONCLUSION</u>

Now, therefore, for the reasons stated in this opinion and order,

IT IS HEREBY ORDERED that Defendants' motion to dismiss and to
strike class allegations (ECF No. 14) is DENIED.

IT IS HEREBY FURTHER ORDERED that Plaintiffs file a Second
Amended Complaint that includes only allegations and claims related to the
Defendants in this removed action. The Second Amended Complaint shall
be filed on or before November 23, 2021.

IT IS HEREBY FURTHER ORDERED that Defendants' Answer shall
be filed within 21 days after the filing of the Second Amended Complaint.

It is so ordered.

Dated:  November 10, 2021

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE