UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MSP RECOVERY CLAIMS, SERIES LLC, MSPA CLAIMS 1, LLC, and MSP RECOVERY CLAIMS SERIES 44, LLC,<br>　　　　　　　　Plaintiffs,<br>v.<br><br>AUTO CLUB INSURANCE ASSOCIATION and AUTO CLUB GROUP INSURANCE COMPANY,<br>　　　　　　　　Defendants.<br>_____/ | Case No.: 21-11606<br><br>George Caram Steeh<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

## <u>ORDER DENYING DEFENDANTS' MOTION TO STRIKE (ECF No. 36)</u>

### I.    PROCEDURAL HISTORY

Plaintiffs MSP Recovery Claims Series, LLC, MSPA Claims 1, LLC, and MSP Recovery Claims Series 44, LLC ("Plaintiffs") transferred this Medicare Secondary Payer provisions of the Social Security Act ("MSP Act") claim from the United States District Court for the Southern District of Florida.  (ECF No. 1). Plaintiffs seek reimbursement from Auto Club Insurance Association and Auto Club Group Insurance Company ("Defendants") for conditional payments paid out under the MSP Act on behalf of themselves and others similarly situated ("Class Members").  (*Id.*).  Defendants moved to dismiss Plaintiff's amended complaint

and strike class allegations.  (ECF No. 14).  The Court denied Defendants' motion

and ordered Plaintiffs to file a second amended complaint with only allegations

and claims related to the Defendants in this removed action.  (ECF No. 22,

PageID.517).

Plaintiffs filed a second amended class action complaint.  (ECF No. 23).

Defendants moved to strike immaterial and impertinent information from

Plaintiff's seconded amended complaint.  (ECF No. 36).  Plaintiffs responded

(ECF No. 42) and Defendants replied (ECF No. 43).  This matter was referred to

the undersigned for all pretrial proceedings.  (ECF No. 37).  This matter is now

fully briefed and ready for determination.

For the reasons discussed below, Defendants' motion to strike (ECF No. 36)

is **DENIED.**

## II.     COMPLAINT ALLEGATIONS

Plaintiffs bring this case on behalf of themselves and Class Members.

Plaintiffs are assignees of Medicare Advantage Organizations and other Medicare

Advantage Plans ("MA Plans").  Defendants are insurers who issue "no-fault"

insurance policies to Medicare beneficiaries enrolled in MA Plans under Part C of

the Medicare Act ("Enrollees").  Under their contracts with insureds, Defendants

cover accident-related medical expenses on a "no-fault" basis.  (ECF No. 23,

PageID.519, ¶ 2).  Defendants also provide third-party liability insurance for

insureds.  In accidents involving enrollees under a "no-fault" policy where the insured and enrollee enter a settlement when the insured is liable, Defendants are considered primary payers to enrollees under the MSP Act.  (*Id*.).  Thus, Defendants must pay for accident-related medical expenses on behalf of enrollees. (*Id.*).  Plaintiffs may recoup reimbursement when they finance insurance companies' obligations under the MSP Act.  (*Id*. at PageID.520-21, ¶ 3).  Plaintiffs claim Defendants "systematically" failed to reimburse MA plans for these payments.  (*Id.* at PageID.520, ¶ 2).  Defendants also failed to report primary payer responsibility by underreporting and misreporting responsibility.  (*Id.* at PageID.535-36, ¶¶ 46-47).  For these reasons, Plaintiffs, as assignors and Class Members, seek reimbursement from Defendants under the MSP Act.  (*Id*. at PageID.522, ¶¶ 7-8).

## III.   ANALYSIS

### A. Standard of Review

Federal Rule of Civil Procedure 12(f) authorizes a court to strike from a pleading any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter."  Fed. R. Civ. P. 12.  The court may do this on its own, or by motion filed before responding to the pleading, or if a responsive pleading is not allowed, within 21 days of being served with the pleading.  *Id.*  Thus, a motion to strike is untimely if filed after the responsive pleading.  *Johnson v. Cnty. of*

*Macomb*, 2008 WL 2064968, at *2 (E.D. Mich. May 13, 2008).  That said, Fed. R. Civ. P. 12(f)(1)'s grant of judicial discretion to strike allows the district court to consider and grant untimely motions to strike if appropriate.  *Deluca v. Michigan*, 2007 WL 1500331, at *1 (E.D. Mich. May 23, 2007).

In considering a motion to strike, courts look at the delay in filing, any prejudice to plaintiffs, merits of the request, or the reason for the delay.  *Johnson*, 2008 WL 2064968, at *2; *Cone v. Hankook Tire Co., Ltd*., 2017 WL 53287, at *2 (W.D. Tenn. Jan. 4, 2017).  Motions to strike under Rule 12(f) are viewed with disfavor and infrequently granted: "[T]he action of striking a pleading should be sparingly used by the courts.  It is a drastic remedy to be resorted to only when required for the purposes of justice."  *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) (internal citations omitted); *Cronovich v. Dunn*, 573 F. Supp. 1330, 1338 (E.D. Mich. 1983).  Motions to strike class allegations are disfavored because class defendants "'are often in control of the information plaintiffs need to meet that [Rule 23] burden.  Thus, discovery is often appropriate, even necessary.'"  *Duncan v. Jefferson Cnty. Bd. of Educ*., 2021 WL 1109355, at *8 (W.D. Ky. Mar. 23, 2021) (citations omitted).

Immaterial allegations have "no bearing on the subject matter of the litigation."  *Johnson*, 2008 WL 2064968, at * 1.  Motions to strike "'should be granted only when the pleading to be stricken *has no possible relation* to the

4

controversy.'" *Rock Holdings, Inc. v. Certain Underwriters at Lloyd's London*, 2009 WL 2475400, at *3 (E.D. Mich. Aug. 11, 2009) (quoting *Brown*, 201 F.2d at 822) (emphasis added). Impertinent allegations "'do not pertain or are not necessary to the issues in question.'" *Thule Towing Sys., LLC v. McNallie*, 2009 WL 2144273, at *3 (E.D. Mich. July 15, 2009) (citations omitted). "Allegations are only stricken for impertinence if 'it appears to a certainty that [defendants] would succeed despite any state of the facts which could be provided in support of the [claim] and are inferable from the pleadings.'" *Preston v. Cnty. of Macomb*, 2019 WL 3315280, at *16 (E.D. Mich. July 24, 2019) (quoting *Operating Engineers Loc. 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015)).

   B. Analysis

   While untimely, Defendants ask the Court to grant their motion to strike because the Court has the authority to act on its own under Fed. R. Civ. P. 12(f)(1). (ECF No. 36, PageID.811). Defendants contend Plaintiffs' second amended complaint references entities the Court Ordered as non-parties in Exhibit A, Exhibit B, and Exhibit C. (*Id.* at PageID.812-13). Thus, Defendants ask the Court to strike Exhibits A, B, C, and references to the exhibits as immaterial and impertinent to Plaintiff's second amended class action complaint. (*Id.* at PageID.815). Plaintiffs argue Defendants' motion is untimely and they offered no

5

valid reason for the Court to consider their untimely motion.  (ECF No. 42, PageID.1009).  Further, the references that Defendants seek to strike are material and pertinent to Plaintiffs' claims because of Defendants' failure to report information properly, accurately, and consistently to the Centers for Medicare and Medicaid Services ("CMS").  (*Id.* at PageID.1012).  Defendants reiterate their arguments in reply.  (ECF No. 43).

Defendants admit their motion to strike is untimely.  (ECF No. 36, PageID.811).  Defendants answered Plaintiffs' second amended class action complaint (ECF No. 27), and later moved to strike pleadings from the complaint (ECF No. 36).  As Defendants moved to strike after answering Plaintiffs' second amended class action complaint, the motion is untimely. *Johnson*, 2008 WL 2064968, at *2.  That said, the undersigned can and will consider Defendants' motion under Fed. R. Civ. P. 12(f)(1)'s discretion allowing courts to consider striking material from pleadings on their own.  *Deluca*, 2007 WL 1500331, at *1 (noting courts can consider untimely motions to strike under Fed. R. Civ. P. 12(f) discretion).

Even still, motions to strike are generally disfavored, particularly where, as here, Defendants argue the material will be improperly used for class certification. (ECF No. 36, PageID.812); *Duncan*, 2021 WL 1109355, at *8 (noting striking class allegations is disfavored because class defendants "'are often in control of the

6

information plaintiffs need to meet that [Rule 23] burden.  Thus, discovery is often appropriate, even necessary.'") (citations omitted).  The Court has already denied Defendants' previous request to strike class allegations "before Plaintiffs have the opportunity to engage in discovery and before class certification has been requested."  (ECF No. 22, PageID.517) (citing *MSP Recovery Claims, Series LLC v. United Auto Ins. Co*., 2021 WL 720339, at *7 (S.D. Fla. Feb. 4, 2021)).

Exhibit A is a list of corporate entities compiled by credit reporting agency AM Best for the year 2019.  (ECF No. 23-1, PageID.662).  The list includes corporate entities across the country with "Auto Club" listed in the corporate name. (*Id.*).  Plaintiffs refer to Exhibit A as a list of possible affiliated companies across the country.  Plaintiffs contend they made a good-faith effort to identify the correct defendants, but that was made difficult by Defendants' reporting methods.  If necessary, they plan to request minimal discovery to ensure they have pled against the correct defendants.  (ECF No. 23, PageID.527-28;554).  They do not plead any claim or allegations against any of the companies listed except the named Defendants.

Exhibit A is not immaterial to Plaintiffs' claims.  Plaintiffs suggest this list may contain possible defendants for their claims, which Plaintiffs may discover through discovery.  (*Id.*).  Plaintiffs allege Defendants misreport obligations to avoid responsibility in violation of the MSP Act.  (*Id.* at PageID.535-36, ¶¶ 46-47).

7

Thus, these possibly affiliated corporate entities listed in Exhibit A are relevant to the issues and have a "possible relation" to the controversy. *Rock Holdings*, 2009 WL 2475400, at *3 (denying motion to strike because "[d]efendants have not established that the bad faith allegations in their complaint have 'no possible relation to the controversy.'"). Exhibit A is also not impertinent. As Plaintiffs suggest, discovery may reveal that the listed corporations could be named defendants. (ECF No. 23, PageID.527-28;554). Defendants cannot claim that these corporations will be irrelevant, despite "any set of facts," as discovery may reveal that these should be named defendants. *Preston*, 2019 WL 3315280, at *16 (denying motion to strike for impertinence, because it was not a certainty defendants would succeed despite "any set of facts"). Defendants' motion to strike Exhibit A and all references to it is **DENIED**.

Exhibit B lists times when Defendants and other insurers reported primary payer responsibility to CMS. Plaintiffs identified these claims by comparing their assignors' data with Defendants' filings with CMS under 42 U.S.C. § 1395y(b)(7)-(9). (ECF No. 23, PageID.538). Again, Plaintiffs note that this list may be inaccurate, as Defendants' reporting methods, among other things, made it difficult for them to accurately account for all the times Defendants reported primary payer responsibility. (*Id*. at PageID.540). Exhibit C lists instances of Defendants'

alleged non-reporting.  Plaintiffs compiled this list by identifying crash claims in Defendants' records without corresponding primary payer reports.  (*Id*.).

Like with Exhibit A, Exhibits B and C are material to Plaintiffs' case, because they have "some possible" relation to their claims.  *Rock Holdings*, 2009 WL 2475400, at *3 (cannot strike for immateriality if allegations had possible relation to claims).  Since Plaintiffs allege Defendants misreported primary payer responsibility in violation of the MSP act, evidence of inaccurate reporting may support their claim.  (ECF No. 23, PageID.535-36, ¶¶ 46-47).  The exhibits are also pertinent to Plaintiffs' case, as there is a set of facts that could relate them to Plaintiffs' claims.  *Preston*, 2019 WL 3315280, at *16 (denying striking for impertinence, because uncertain movant would succeed despite "any set of facts").  Further investigation of Defendants' alleged inaccurate reporting could reveal that all primary payer reports listed were Defendants' responsibility, not just those they claim, because of the inaccurate reporting Plaintiffs allege.  Defendants' motion to strike all but 37 alleged instances of primary payer responsibility in Exhibit B and all but the 89 alleged instances of primary payer responsibility in Exhibit C is **DENIED**.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Strike (ECF No. 36) is **DENIED**.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.

Date: August 25, 2022                    s/Curtis Ivy, Jr.
                                         Curtis Ivy, Jr.
                                         United States Magistrate Judge