UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MSP RECOVERY CLAIMS,                    Case No.: 21-11606
SERIES LLC, MSPA CLAIMS 1,
LLC, and MSP RECOVERY                   George Caram Steeh
CLAIMS SERIES 44, LLC,                  United States District Judge
                        Plaintiffs,
v.                                      Curtis Ivy, Jr.
                                        United States Magistrate Judge
AUTO CLUB INSURANCE
ASSOCIATION and AUTO CLUB
GROUP INSURANCE
COMPANY,
                        Defendants.
_____/

## ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL (ECF No. 50)

Plaintiffs MSP Recovery Claims Series, LLC, MSPA Claims 1, LLC, and

MSP Recovery Claims Series 44, LLC ("Plaintiffs") transferred this Medicare

Secondary Payer provisions of the Social Security Act ("MSP Act") claim from the

United States District Court for the Southern District of Florida.  (ECF No. 1).

Plaintiffs seek reimbursement from Auto Club Insurance Association and Auto

Club Group Insurance Company ("Defendants") for conditional payments paid out

under the MSP Act on behalf of themselves and others similarly situated ("Class

Members").  (*Id.*).  This matter was referred to the undersigned for all pretrial

proceedings.  (ECF No. 37).  On August 25, 2022, the undersigned denied

Defendants' motion to strike.  (ECF No. 49).

On August 30, 2022, Plaintiffs moved to compel more appropriate responses to discovery.  (ECF No. 50).  Plaintiffs argue Defendants' boilerplate objections to Plaintiffs' interrogatories and requests for production should be considered waived. (*Id.* at PageID.1092).  They also contend Defendants' statute of limitations arguments against answering Plaintiffs' interrogatories and requests for production are meritless and premature.  (*Id*. at PageID.1096).  They claim that Defendants' objections of "overbreadth, lack of relevance, undue burden, or lack of proportionality" are generic and duplicative.  (*Id*. at PageID.1100).  Finally, they argue Defendants' objections to the requests for admissions were generic.  (*Id*. at PageID.1103).  To date, the Court has not received Defendants' response to Plaintiffs' motion to compel.  Responses to all motions must be filed within fourteen days of service.  E.D. Mich. L.R. 7.1(e)(1)(A).

The Federal Rules of Civil Procedure require parties to respond to discovery requests (either with substantive responses or proper objections).  *See* Fed. R. Civ. P. 33(b), 34(b)(2).  Evasive or incomplete responses are treated as failures to respond.  Fed. R. Civ. P. 37(a)(4).  A "boilerplate" objection is "invariably general."  *Wesley Corp. v. Zoom T.V. Prod., LLC*, 2018 WL 372700, at *4 (E.D. Mich. Jan. 11, 2018).  "'Boilerplate or generalized objections are tantamount to no objection at all and will not be considered by the Court.'"  *Strategic Mktg. & Rsch. Team, Inc. v. Auto Data Sols., Inc*., 2017 WL 1196361, at *2 (E.D. Mich. Mar. 31,

2017) (quoting *Nissan N. Am., Inc. v. Johnson Elec. N. Am., Inc.*, 2011 WL 669352, at *2 (E.D. Mich. Feb. 17, 2011)).

Further, evasive or incomplete responses to discovery are considered failures to respond.  Plaintiffs have reasonably argued that Defendants' responses were incomplete.  Defendants failed to refute Plaintiff's contentions within the time allotted.  E.D. Mich. L.R. 7.1(e)(1)(A).  For these reasons, Plaintiffs' motion to compel (ECF No. 50) is **GRANTED**.  Defendants must respond in full to the discovery requests **within 21 days** of this Order.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: September 21, 2022                    s/Curtis Ivy, Jr.
                                            Curtis Ivy, Jr.
                                            United States Magistrate Judge